CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 3 2008
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DYLAN LOPEZ TYREE,<br>    Petitioner, | ) ) ) | Civil Action No. 7:08-cv-00374 |
| v. | ) ) | **MEMORANDUM OPINION** |
| WARDEN C. HOLLAR,<br>    Respondent. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Dylan Tyree, a Virginia prisoner proceeding pro se, filed a habeas petition, pursuant to 28 U.S.C. § 2254. Tyree challenges the validity of his confinement resulting from his convictions by guilty plea in the Salem Circuit Court in 2005 for distribution of marijuana and distribution of cocaine. He is currently serving the twenty-five year sentence imposed for those convictions. Tyree claims that his counsel was constitutionally ineffective, and he requests that I vacate his sentence and require the Salem Circuit Court to sentence him to one year imprisonment or conduct a new sentencing hearing. The respondent filed a motion for summary judgment, and Tyree filed a timely response, making the matter ripe for my consideration. For the reasons that follow, I grant the respondent's motion for summary judgment.

I.

The Salem Circuit Court entered Tyree's final sentencing order on January 21, 2005, and Tyree did not file a direct appeal. Tyree filed a habeas corpus petition in the Salem Circuit Court on November 22, 2005, that was denied on July 13, 2007. Tyree subsequently filed a notice of appeal with the Salem Circuit Court on July 24, 2007, and the Supreme Court of Virginia summarily denied his petition on March 18, 2008. Tyree filed this instant § 2254 habeas petition on June 19, 2008, alleging that counsel was ineffective for failing to object to a presentence report containing improper and prejudicial information; assist with a direct appeal; and timely

inform him of a plea offer. Respondent argues in his motion for summary judgment that Tyree's petition was past the 365 day period of limitations set forth in 28 U.S.C. § 2244(d). By my calculations according to Federal Rule of Civil Procedure 6(a), the petition was timely filed.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Smith v. Moore, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to hear state law claim that jury instruction misstated state law). Section 2254 requires deference to a state court's decision unless the decision was (1) contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or (2) based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). I must presume that all of the state court's factual findings are correct, and the prisoner bears the burden to rebut this presumption by clear and convincing evidence. Id. at § 2254(e). When a reasoned state court judgment rejects a federal claim, later unexplained state court orders upholding that judgment will rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The Salem Circuit Court considered and dismissed all of Tyree's present ineffective assistance of counsel claims, concluding that none of Tyree's claims satisfied the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires petitioners to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Id. at 687. Strickland

2

established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong of Strickland requires petitioners to show "that the deficient performance prejudiced the defense" to the extent that they were deprived of fair proceedings. Id. at 687. For a conviction obtained by a guilty plea, counsel's deficient performance becomes prejudicial only if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). If petitioners have not satisfied one prong of the Strickland test, courts do not need to inquire whether they have satisfied the other prong. Id. at 697.

In his instant petition, Tyree claims that his counsel failed to object to a presentence report containing the allegedly improper and prejudicial information of prior nol-prossed charges. In denying his state habeas petition, the Salem Circuit Court relied on Thomas v. Commonwealth, 18 Va. App. 656, 659-60 (1994) (en banc), which held that nol-prossed charges may be considered as part of a presentence report. Tyree v. Ray, No. CL05-173, slip op. at 3 (Salem Cir. Ct. Aug. 15, 2007). Accordingly, the court determined that counsel had not erred and there was no prejudice. It is well established that counsel is not ineffective for failing to raise an objection or make a motion when no obvious basis to support it exists. See Clanton v. Blair, 826 F.2d 1354, 1359 (4th Cir. 1987). Therefore, I find that the Salem Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts.

Tyree also claims that his counsel failed to assist him with a direct appeal. In denying his state habeas petition, the Salem Circuit Court concluded, after reviewing counsel's signed

3

affidavit, that Tyree never expressly requested an appeal. Accordingly, the circuit court reasoned that counsel was not required to discuss Tyree's appellate options, relying on Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Tyree, No. CL05-173 at 3-4. Although Tyree introduced a letter he sent to counsel discussing the appellate process, the circuit court noted that any information communicated in the letter "would have fallen outside the 30-day deadline for filing an appeal." Id. at 3. The Salem Circuit Court, in applying Strickland, found that counsel was not constitutionally ineffective. Therefore, I find that the Salem Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts.

Tyree also claims that his counsel failed to timely inform him of a plea offer of one year imprisonment for pleading guilty. In denying his state habeas petition, the Salem Circuit Court noted that the Commonwealth and counsel informally discussed a plea offer, but the Commonwealth withdrew from plea discussions after the Commonwealth discovered aggravating factors. Accordingly, the circuit court concluded that any plea agreement discussions did not have any constitutional significance because a plea agreement was never embodied in any judgment. Id. at 4. The Salem Circuit Court, in applying Strickland, found that counsel was not constitutionally ineffective. It is well established that a "plea bargain standing alone is without constitutional significance; ... it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest." Mabry v. Johnson, 467 U.S. 504, 507 (1984). Therefore, I find that the Salem Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts.

4

Case 7:08-cv-00374-JLK-mfu   Document 15   Filed 11/03/08   Page 4 of 5   Pageid#: 76

Based on the foregoing, I find that Tyree's ineffective assistance of counsel claims must be dismissed.

III.

For the reasons stated, I grant respondent's motion for summary judgment and dismiss Tyree's § 2254 habeas petition.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 3rd day of Nov. [~~October~~], 2008.

*/s/ Jackson L. Kiser*
Senior United States District Judge